IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| CINCINNATI INSURANCE CO. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:07cv1133 (JCC/TCB) |
| | ) | |
| AMERICAN GLASS | ) | |
| INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiffs' Motion to Vacate Order Granting the Defendants' Second Motion to Stay Action Pending Disposition of Bankruptcy Proceeding. For the following reasons, the Court will grant Plaintiffs' Motion.

### I. Background

On August 6, 2007, Plaintiff Cincinnati Insurance Company ("CIC") filed this action in the United States District Court for the District of Maryland seeking indemnity from corporate defendants American Glass Industries, Inc. ("AGI") and Auto Glass Outlet, Inc. ("Auto Glass"), and individual defendants Nasser Lahijan ("Lahijan") and Mahvash Zulfaghary ("Zulfaghary") arising from losses stemming from surety bonds issued by CIC on behalf of AGI. On September 17, 2007, AGI filed Chapter 11 bankruptcy at the U.S. Bankruptcy Court for the Eastern District of Virginia, staying the action against them. The remaining

defendants, Auto Glass, Lahijan, and Zulfaghary ("Remaining Defendants"), requested that the case be transferred to the United States District Court for the Eastern District of Virginia, Richmond Division, on forum non conveniens grounds, along with a request that the case against them be stayed pending the resolution of AGI's bankruptcy proceeding.  On November 11, 2007, the case was transferred to this Court.  On November 30, 2007, the Remaining Defendants filed a Second Motion to Stay Action Pending Disposition of Bankruptcy Proceeding, which this Court granted on December 3, 2007, without response from Plaintiff or a hearing.

On December 11, 2007, CIC filed a Motion to Vacate Order Granting the Defendants' Second Motion to Stay Action Pending Disposition of Bankruptcy Proceeding.  On December 26, 2007, Defendants' filed an Opposition, and Plaintiffs filed a Reply Brief on January 4, 2008.  This Motion is currently before the Court.

## II. Analysis

Parties who have filed for bankruptcy receive an automatic stay of legal proceedings.  The automatic stay does not extend to non-debtor co-defendants unless the bankrupt party is an indispensable party to the suit.  Provisions for an automatic stay of legal proceedings against a party who has filed for bankruptcy are laid out in the Bankruptcy Code.  It provides

that,

> [e]xcept as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

11 U.S.C. § 362(a). The Fourth Circuit has held that "the plain wording of the statute itself" makes it clear that "co-defendants cannot avail themselves of the automatic stay provisions of 11 U.S.C. § 362(a), applicable to those defendants under the protection of the bankruptcy court." *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 126 (4th Cir. 1983). The statute "provides only for an automatic stay of any judicial proceeding 'against the debtor.'" *Id.* (citing 11 U.S.C. § 362(a)(1)). Defendant AGI filed for bankruptcy, but Defendants Auto Glass, Lahijan, and Zulfaghary, co-defendants, have not.

AGI is not an indispensable party that must be joined in order for this case to proceed. The contract between the parties states:

> THE UNDERSIGNED PRINCIPAL AND INDEMNITORS . . . HEREBY JOINTLY AND SEVERALLY COVENANT AND AGREE . . . [that] They will indemnify the Surety and hold it harmless from and against any and all liability, losses, costs, damages, attorneys' fees, disbursements and

>           expenses of whatever kind of nature which the
>           Surety may sustain or incur by reason or in
>           consequence of having executed or procured
>           the execution of the bond or bonds . . . and
>           they will pay over, reimburse and make good
>           to the Surety, its successors or assigns, all
>           money which the Surety or its representatives
>           shall pay, or cause to be paid or become
>           liable to pay, by reason of the execution of
>           any such bond or bonds, such payment to be
>           made to the Surety as soon as it shall become
>           liable therefor.

Complaint, Ex. A.  The Defendants, according to the terms of the contract, are jointly and severally liable to CIC.  "[J]oint tort-feasors and contractual co-obligors are not indispensable parties," because joint and several liability "eliminat[es] prejudice through non-joinder both to parties to the action and unjoined participants in the alleged wrongdoing."  *Willis v. Semmes, Bowen & Semmes*, 441 F. Supp. 1235, 1245 (E.D. Va. 1977); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989) (jointly and severally liable guarantors are not indispensable parties under Federal Rule of Civil Procedure 19(b)).  Defendants are not entitled to an automatic stay of this lawsuit.

A discretionary stay may be available to a non-debtor co-defendant, but "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative," and "'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for

which he prays will work damage to someone else.'" *Id*. at 127 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).  Plaintiff argues that it will suffer hardship by being forced to wait.  Although a portion of its claim may be settled by the Bankruptcy Court, it does not appear likely that the claim will be fully satisfied, and allowing the stay would keep Plaintiff from being able to move the case forward against the remaining debtors.

Bankruptcy courts issue discretionary stays against co-defendants in "unusual circumstances" which arise "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."  *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)(citing *Johns-Manville Sales Corp.*, 26 Bankr. 405, 410 (S.D.N.Y. 1983); *Royal Truck & Trailer v. Armadora Maritima Salvadorena*, 10 Bankr. 488, 491 (N.D.Ill. 1981)).  The Fourth Circuit gives the example of "a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case," in which circumstance "[t]o refuse application of the statutory stay . . . would defeat the very purpose and intent of the statute [11 U.S.C. § 362(a)(1)]."  *Id.*  In this case, the non-debtor co-defendants are 92 percent

shareholders in the bankrupt entity, such that there is significant, but not complete, identity between the parties.

The Court is persuaded that because the debtors are jointly and severally liable for the debt, and because the debt is unlikely to be satisfied through the sale of the property at issue in the bankruptcy proceedings, it is most appropriate in this instance to lift the stay. An automatic stay is not available to Defendants. Upon reconsideration of the issue, the Court finds that a discretionary stay is inappropriate in this case. The stay will be lifted.

### III. Conclusion

For the foregoing reasons, this Court will grant Plaintiffs' Motion to Vacate Order Granting the Defendants' Second Motion to Stay Action Pending Disposition of Bankruptcy Proceeding.

May 16, 2008　　　　　　　　　　　　　　　　/s/
Alexandria, Virginia　　　　　　　　James C. Cacheris
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE