```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


THE CINCINNATI INSURANCE CO.,  )
                               )
     Plaintiff,                )
                               )
          v.                   )     1:07cv1133 (JCC)
                               )
AMERICAN GLASS INDUSTRIES,     )
et al.,                        )
                               )
     Defendants.               )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment against Defendants Auto Glass Outlet, Nasser Lahijan, and Mahvash Zulfaghary.  For the following reasons, the Court will grant the motion in part and deny it in part.

### **I. Background**

Plaintiff Cincinnati Insurance Company ("CIC") filed suit against Auto Glass Outlet ("Auto Glass"), Nasser Lahijan ("Lahijan"), Mahvash Zulfaghary ("Zulfaghary"), and American Glass Industries, Inc. ("American Glass") (collectively, "Defendants") in August 2007.  The single count in the Complaint alleges a breach of an indemnity agreement.  Lahijan owns 92% of American Glass and serves as its president.  The other owners of American Glass include Zulfaghary and Auto Glass, a separate corporation of which Lahijan is president and sole owner.

1

Zulfaghary is the secretary of Auto Glass.

CIC issued surety bonds on behalf of American Glass, Zulfaghary, and Lahijan. The bonds, which insured the proper completion of site preparation and soil and erosion control work, were required by King George County, Virginia (the "County") before the County would allow American Glass to construct a building on the King George Industrial Park. When they applied for the required bonds from CIC, American Glass, Zulfaghary, and Lahijan signed agreements that included broad indemnity provisions. When the County later complained that work was improperly completed, CIC investigated the County's claims and then reached a settlement with the County. CIC alleges that Defendants are liable under the indemnity agreement for the money CIC paid to the County, along with related expenses.

On September 17, 2007, American Glass filed for Chapter 11 bankruptcy at the U.S. Bankruptcy Court for the Eastern District of Virginia, staying the action against them. The remaining defendants, Auto Glass, Lahijan, and Zulfaghary (the "Remaining Defendants"), requested that the case be transferred to the United States District Court for the Eastern District of Virginia, Richmond Division, on forum non conveniens grounds. They also requested a stay of the case pending the resolution of American Glass's bankruptcy proceeding. On November 11, 2007, the case was transferred to this Court.

Later in November, the Remaining Defendants filed a second Motion to Stay Action Pending Disposition of Bankruptcy Proceeding, which was granted on December 3, 2007. The Court vacated that Order in May 2008.

On September 19, 2008, CIC filed a Motion for Summary Judgment against the Remaining Defendants. The Remaining Defendants did not file any response in opposition. This Motion is before the Court.

## II. Standard of Review

B. Local Rule 56

Local Rule 56(B) requires the brief supporting a motion for summary judgment to include a specifically captioned section listing the material facts that the moving party believes are not in dispute, with citations to the record. Briefs in response to a motion for summary judgment must include a specifically captioned section listing material facts that the non-moving party contends are in dispute. "[T]he Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Local Rule 56(B). Thus, the Court assumes that "facts alleged in the motion for summary judgment are admitted unless controverted by the responding opposition brief." *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709 (E.D. Va. 2003) (citing Local

Rule 56(B)).

 B. <u>Summary Judgment</u>

  Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted). The party seeking summary judgment has the initial burden of showing the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party opposing summary judgment may not rest upon mere allegations or denials. Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quotation omitted). A "mere scintilla" of evidence is insufficient to overcome summary judgment. *Id.* at 248-52.

Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

A. <u>Undisputed Facts</u>

The Remaining Defendants did not file a response to Plaintiff's Motion for Summary Judgment, and thus did not set forth facts they contend are in dispute. The Court will consider the following uncontested facts undisputed:

(1) American Glass, Lahijan, and Zulfaghary each executed the Application for Contract or Proposal Bond (the "First Application") on or around December 4, 2003, in order to seek a site work bond from CIC. The First Application contained a broad indemnity provision.

(2) On or around the same date, American Glass, Lahijan, and Zulfaghary executed a Miscellaneous Bond Application (the "Second Application"), in order to seek a soil erosion control bond from CIC. The Second Application also had a broad indemnity provision.

(3) In both Applications, all three parties – American Glass as Principal, and Lahijan and Zulfaghary as Indemnitors – agreed to completely indemnify CIC for any losses on the bonds.

(4) CIC issued two surety bonds on behalf of American Glass with the County as the bonds' obligee. The County required the bonds to secure the performance of preparatory site work undertaken in advance of American Glass's construction of a building on the King George Industrial Park.

(5) The County declared American Glass in default on the required site work and soil erosion control projects and made claims under the bonds.

(6) CIC retained Landmark Corporation to inspect the project site. CIC also paid an engineering firm to prepare drawings showing the status of the project's completion.

(7) After its investigation, Landmark Corporation concluded that the cost to finish the work – the full performance of which was secured by the bonds – would likely exceed the penal limit on the bonds.

(8) CIC reached a settlement agreement with the County for a

payment of $156,358.15, and CIC paid $11,477.85 to the engineering firm that prepared the drawings.

(9) American Glass was contacted by CIC in an attempt to have American Glass resolve the dispute with the County. American Glass did not pay the settlement amount to the County.

(10) CIC settled with the County after a full investigation of the County's claims and a good faith determination that the amounts on which the parties settled were properly due under the bonds.

(11) CIC incurred costs of $204,109.99, including attorneys' fees and consulting fees, in the settlement and payment made under the surety bonds.

### B. Liability of Lahijan and Zulfaghary

The clear language of the Applications makes American Glass, Lahijan, and Zulfaghary jointly and severally liable for CIC's payments made under the bonds. The First Application explicitly states that the Principal (American Glass) and Indemnitors (Lahijan and Zulfaghary) jointly and severally agreed to:

> indemnify the Surety and hold it harmless from and against any and all liability, losses, costs, damages, attorneys' fees, disbursements and expenses of whatever kind or nature which the Surety may sustain or incur by reason or in consequence of having executed or procured the execution of the bond or bonds . . . and/or which the Surety may sustain or incur in making any investigation, in settling any claims or in defending or prosecuting any actions . . .

7

Mem. in Supp't, Ex. 4, at pg. 2 ¶ 4.  Similar language appears in the Second Application:

> The undersigned applicant [American Glass] and indemnitor(s) [Lahijan and Zulfaghary] . . . . do both jointly and severally agree: . . . (2) To completely INDEMNIFY the Company from and against any liability, loss, cost, attorneys' fees, and expenses whatsoever, including the enforcement of this agreement, which the Company shall at any time sustain as surety or by reason of having been surety on this bond or any other bond issued for applicant; . . . (4) That the Company shall have the right to handle or settle any claim or suit in good faith.  An itemized statement of loss and expense incurred by the Company, sworn to by an officer of the Company, shall be prima facie evidence of the fact and extent of the liability . . . .

Mem. in Supp't, Ex. 5, at pg. 2 (capitalization in original).

In surety cases, an express indemnification contract governs the parties' rights and obligations. *Fidelity & Deposit Co. of Md. v. Bristol Steel & Iron Works, Inc.*, 722 F.2d 1160, 1163 (4th Cir. 1983).  In *Bristol Steel*, the court held that a broad indemnity provision should be upheld absent fraud or lack of good faith on the part of the surety.  *Id*.  More recently, some courts have begun to read a reasonableness requirement into the "good faith" requirement.  *See, e.g.*, *Atl. Contracting & Material Co., Inc. v. Ulico Cas. Co.*, 380 Md. 285, 307-08 (2004). Under either standard, CIC is entitled to full reimbursement. Its actions were undertaken in good faith and were objectively reasonable.  It hired a third-party firm to survey the potential cost it was exposed to as surety.  It then settled with the County for less than the estimate provided by the third-party

firm.  *See* Mem. in Supp't at 6-7.  Moreover, American Glass did not provide significant assistance to CIC in analyzing the claim from the County.  *Id*.  Even under the reasonableness factors set out by courts that follow the more stringent standard, such as the Maryland Supreme Court in *Atlantic Contracting*, the only legal conclusion that could be reached given the undisputed facts is that CIC acted in an objectively reasonable manner in settling the County's claims.  *See* 380 Md. at 309 (stating reasonableness factors as: (1) obligations of the surety; (2) whether the principal has made specific demands that the surety deny the claim; (3) cooperation by the principal; (4) the thoroughness of the surety's investigation).

    C. <u>Liability of Auto Glass</u>

It is undisputed that American Glass (now in bankruptcy proceedings), Lahijan, and Zulfaghary are liable under the Applications.  CIC also asserts that Auto Glass is equally liable under the Applications.

CIC alleges that while "Auto Glass did not actually execute the First or Second [Applications]," it "agreed, in writing, to indemnify CIC for the debts and obligations of American Glass, including American Glass' obligations under the First and Second [Applications] pursuant to a resolution of its stockholders."  Mem. in Supp't at 4, ¶ 17.  In support of this factual statement, CIC submits two exhibits.  The first is a

9

Corporate Resolution of the Stockholders of Auto Glass (the "Resolution").  Mem. in Supp't, Ex. 6.  The Resolution states that Auto Glass has a material interest in American Glass, and that, because CIC would be willing to execute surety bonds with the written agreement of Auto Glass to indemnify CIC, Lahijan "is authorized to execute on behalf of [Auto Glass] . . . any general or specific indemnity and hold harmless agreement or agreements as may be required by [CIC]."  *Id*.  The second corporate resolution shows that Auto Glass authorized Lahijan to sign the necessary indemnity documents with CIC.  Mem. in Supp't, Ex. 7.

CIC's statement that these two resolutions constitute a written agreement to indemnify CIC is incorrect.  The two corporate resolutions very clearly state that Lahijan was authorized to execute an indemnity agreement on Auto Glass's behalf.  They show that Lahijan was both willing and legally able to sign an indemnity agreement binding Auto Glass.  Neither, however, shows that he did so.  CIC has provided no documentary evidence that Auto Glass ever bound itself to an indemnity agreement.  Both the First and Second Applications were signed by American Glass, Lahijan, and Zulfaghary; Auto Glass did not execute either Application.  Thus, CIC's claim that Auto Glass "advised CIC, in writing, that it would indemnify CIC," Mem. in Supp't at 11, is factually unsupported. CIC has not clearly demonstrated that Auto Glass is liable under either Application,

and summary judgment on Auto Glass's liability is inappropriate at this time.

    D. Liability for Attorneys' Fees

CIC is also entitled to a full recovery of reasonable attorneys' fees it incurred as a result of the investigation and payout under the surety agreement, and as a result of this suit to enforce its rights under the Indemnity Agreements.  The attorneys' fees provisions in the Indemnity agreements contain no express limitation.  The undisputed facts show that CIC acted in good faith.  Lahijan and Zulfaghary, but not Auto Glass, will be held jointly and severally liable for the total amount of losses and expenses CIC incurred.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment on Count I, for breach of the indemnity agreement, will be granted as to Defendants Lahijan and Zulfaghary, and denied as to Defendant Auto Glass Outlet, Inc.

An appropriate ORDER will issue.

October 15, 2008                                                   /s/
Alexandria, Virginia                                   James C. Cacheris
                                                       UNITED STATES DISTRICT COURT JUDGE